Mary Jane **KERR–SELGAS**, Plaintiff,

v.

**AMERICAN AIRLINES, INC.**, Defendant.

**Civil No. 92–2890 (JAF).**

United States District Court,
D. Puerto Rico.

Aug. 12, 1997.

Judith Berkan, Rosalinda Pesquera, Charles Hey–Maestre, San Juan, PR, for Plaintiff.

Terrence G. Connor and Marcia L. Narine (Morgan, Lewis & Bockius LLP) Miami, FL, Vicente Antonetti (Goldman, Antonetti & Cordova), San Juan, PR, for Defendant.

## OPINION AND ORDER

FUSTE, District Judge.

In this sex discrimination case, we had originally ordered the reinstatement of plaintiff Mary Jane Kerr–Selgas to her previous position at American Airlines. The First Circuit reversed our order, and remanded the case for further determination after granting defendant the opportunity of a hearing on the contested issue. *Mary Jane Kerr Selgas v. American Airlines, Inc.,* 104 F.3d 9 (1st Cir.1997). The Court of Appeals expressed concern on statements offered to support the reinstatement by plaintiff's treating psychologist, Carlos Velázquez. The Circuit noted that Mr. Velázquez' affidavit spoke "only in the most general terms: it states that on the basis of unspecified tests conducted at unspecified dates, Kerr Selgas 'is currently [ ... ] functioning adequately' and that he therefore believes she is 'now able to return and to carry out her duties as Account Sales Executive at American Airlines." *Id.* at 15, n. 10. After the benefit of a three-day hearing on the issue of reinstatement, in which defendant had the opportunity to challenge Mr. Velázquez' involvement and his evidence, this court denied plaintiff's request for reinstatement.

Now before us is plaintiff's motion requesting that we make findings of facts and conclusions of law pursuant to Fed.R.Civ.P. 52(a) with respect to our decision denying her reinstatement to her former job as a cargo sales executive for American Airlines.[1] Under Rule 52(a), the court must find the facts and state its legal conclusions when it tries an action without a jury or with an advisory jury, and when granting or refusing interlocutory injunctions. "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion." *Id.* Although the rule does not require us to make Rule 52(a)-type findings after conducting a reinstatement hearing, the decision not to reinstate is fully supported in this record. *See* Opinion and Order filed July 1, 1997, *Docket Document No. 203.*

In deciding whether or not to order reinstatement, we were cognizant at all times of Title VII's goal of making the plaintiff victim of discrimination whole through reinstatement, back pay or front pay. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975). Reinstatement is the preferred prospective remedy for individuals who prevail on their claims of intentional discriminatory discharge from employment under Title VII. *Kerr Selgas,* 104 F.3d at 12. However, reinstatement is not feasible when plaintiff is unfit to return to work, or there is workplace hostility or no vacancy; courts may then award the alternative prospective remedy of front pay from the date of the judgment to the date the plaintiff returns to the employer or obtains a comparable position. *Id.*

In spite of our specific findings of fact on the issue of reinstatement, plaintiff argues that we made no finding with respect to her present fitness to work at her former job or at any job. We clearly stated in our prior opinion that there was presently no credible and reliable evidence that Ms. Kerr was fit to resume her employment. Since the inception of this case, plaintiff has been alleging that she is unfit to work. At trial and after its conclusion, Ms. Kerr Selgas argued that she was unable to maintain gainful employment, requesting the company's health insurance coverage instead of reinstatement. The only evidence that plaintiff presented to prove that her condition had dramatically changed

---

1. All throughout this case, plaintiff has requested reinstatement to her former job as a cargo sales executive. It was not until very recently that she requested reinstatement to any available position within American Airlines if the company was unable to accommodate her in her previous job. Because we find that reinstatement is unavailable due to plaintiff's condition, we do not discuss further plaintiff's belated change in her equitable remedy request.

was Mr. Carlos Velázquez' affidavit. Mr. Velázquez proved to be unreliable due to his deceptive behavior and unsupported conclusions as to plaintiff's mental fitness. While we commend counsel for plaintiff on having informed defense counsel about Mr. Velázquez' interference with defendant's evaluation of plaintiff, professional honesty does not dispense with the fact that Velázquez' evaluation is unreliable and that his actions interfered with defendant's right to conduct a meaningful psychological evaluation. Plaintiff is charged with the consequences of presenting Velázquez' unreliable testimony, specially when she went along with his modus operandi and failed to be truthful at the time of defendant's evaluation by Dr. Carol M. Romey.

■ Plaintiff further argues that while denying reinstatement, we made no reference to the remedy of front pay in lieu of reinstatement. If a trial court decides not to award reinstatement, it then has discretion whether or not to award front pay. *Wildman v. Lerner Stores Corp.*, 771 F.2d 605, 616 (1st Cir.1985). It is not a mandatory remedy, as plaintiff seems to imply in her brief. *Shore v. Federal Express Corp.*, 777 F.2d 1155, 1159 (6th Cir.1985). Although the remedial schemes of antidiscrimination statutes are designed to make the plaintiff whole, the court must avoid granting the plaintiff a windfall. *Standley v. Chilhowee R–IV School Dist.*, 5 F.3d 319, 322 (8th Cir.1993). In the instant case, the jury granted plaintiff front pay from the date of judgment until October, 1995. *Kerr Selgas*, 104 F.3d at 14. ¸ The front pay was part of the $1.2 million award to plaintiff. This monetary award, one of the largest ever granted to a plaintiff in an employment discrimination case in this jurisdiction, more than adequately reimbursed plaintiff for damages due to her illegal discharge. *Wildman*, 771 F.2d at 616. Moreover, although estimating an award of front pay is necessarily speculative, *Kerr Selgas*, 104 F.3d at 14, n. 6, the circumstances in

this case make the granting of additional future damages even more so. Presently, the court does not know when plaintiff will be fit for employment. Courts order front pay for a finite period: "[F]rom the conclusion of trial through the point at which the plaintiff can either return to the employer or obtain comparable employment elsewhere." *Id.* at 12. Without having any idea as to when plaintiff will be able to join the workforce again, we do not abuse our discretion in declining to award a highly speculative amount of money as additional front pay in this case.

■ Recapitulating, and as we stated in our prior opinion, we denied reinstatement because plaintiff did not demonstrate that she was fit to return to work, and the hostility amongst the parties would prevent the effective performance of job duties.[2] We understand that plaintiff's first choice was to be reinstated in her former position having worked at defendant-company for eighteen years and taking much pride in her employment record. Prior to the reinstatement hearing, with only plaintiff's evidence at hand, we decided that the circumstances then called for reinstatement if we were to make plaintiff whole as required by Title VII's remedial scheme. Unfortunately for plaintiff, in light of the factual scenario that developed at the hearing, we were compelled by the evidence to reverse direction. As the case presently stands before us, we find that plaintiff has been adequately compensated for the effects of discrimination.

**IT IS SO ORDERED.**

___

**2.** Although defendant raised the issue of bumping, we did not base our decision on this factor. When deciding whether or not to grant the equitable remedy of reinstatement, courts look at the particular circumstances of each case. *Kerr Selgas*, 104 F.3d at 13. Courts in general have considered such factors as plaintiff's ability to work, animosity in the workplace, and possibility of bumping. *Id.* at 12. However, there are no fixed set of circumstances that we must consider before granting or denying such remedy, as plaintiff appears to imply.